```
         UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
               WESTERN DIVISION
```

UNITED STATES OF AMERICA

VERSUS                                    CRIMINAL NO. 5:06cr38-DCB-LRA

PATRICK RADER                                                   DEFENDANT

**ORDER**

This matter comes before the Court on the defendant's Motion to Modify Sentence [**docket entry no. 28**]. Having carefully considered said Motion in light of all applicable law and being otherwise fully advised in the premises, the Court finds and orders as follows:

On January 24, 2005, Patrick Rader, the defendant herein, was indicted for possession of a controlled substance in the Circuit Court of Warren County, Mississippi (case no. 050010CRP). On November 11, 2006, the defendant was indicted for conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 (Count 1 of the Indictment) and one count of receiving a firearm in contravention of 18 U.S.C. § 922(n) (Count 3 of the Indictment).

On November 28, 2006, Rader pled guilty to the state charge of possession of a controlled substance and was sentenced to an eight-year term of imprisonment by the Circuit Court of Warren County, Mississippi.

On February 6, 2007, the defendant pled guilty to Count 3 of

the Indictment.[1]  On June 4, 2007, this Court sentenced the defendant to a twenty-seven month term of imprisonment.  In its Judgment [docket entry no. 25] of June 14, 2007, the Court ordered that the defendant's twenty-seven month sentence would "run consecutively to the state sentence [he] is currently serving in Warren County Circuit Court Cause No. 050010CRP."  The Court also ordered that Rader be returned to state custody for the completion of his eight-year state sentence.  (Judg. 2.)

The defendant did not appeal the Court's sentence or its Judgment.  On May 6, 2008, the defendant filed the instant Motion to Modify Sentence [docket entry no. 28] explicitly pursuant to 18 U.S.C. § 3582.  (Mot. 1.)  In his Motion, Rader contends that "there has been no prior determination of this twenty-seven (27) months federal sentence, to run either concurrent or consecutive with the state sentence of eight (8) years, presently being served by petitioner[]" and asks the Court to permit the "federal sentence to run concurrent with the state sentence . . . ." (Mot. ¶¶ 2, 4.)  The defendant requests that the Court "date this requested concurrence, from the date (6/4/07) of imposition of the federal sentence[.]"  (Mot. ¶ 4.)  Rader also states that he is entitled to favorable consideration because the crime to which he pled guilty was victimless in nature, he acted alone in committing the crime,

---

[1] By its Order [docket entry no. 24] of June 12, 2007, the Court dismissed Count 1 of the Indictment with prejudice upon the motion of the United States.

and he was truthful with the Court and accepted responsibility by entering a guilty plea.  (Mot. ¶¶ 5, 6, 7, 9.)  Nowhere in his Motion does the defendant challenge the propriety of the Court's twenty-seven month sentence.[2]

Once imposed, a district court may modify a sentence in only a few narrowly circumscribed situations pursuant to 18 U.S.C. § 3582(c).  United States v. Marion, 79 Fed. Appx. 46 (table), 2003 WL 22423180, at *1 (5th Cir. Oct. 22, 2003) (per curiam) (not selected for publication).  Section 3582(c) provides as follows:

> (c) The court may not modify a term of imprisonment once it has been imposed except that
>     (1) in any case
>         (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that
>             (i) extraordinary and compelling reasons warrant such a reduction; or
>             (ii) the defendant is at least 70 years of age, has served at least 30

---

[2] For this reason, the Court will not construe the instant Motion as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255.  Moreover, "[a] nonconstitutional claim that could have been raised on direct appeal, but was not, may not be raised in a collateral proceeding." United States v. Vaughan, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

>>years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
>>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
>(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Inasmuch as the Director of the Bureau of Prisons did not file the instant Motion, § 3582(c)(1)(A) is clearly inapplicable.

Federal Rule of Criminal Procedure 35(a) is not a viable avenue for awarding the requested relief because more than seven

days have passed since the sentencing and no error — arithmetical, technical, or otherwise — has been alleged.  Rule 35(b) requires a motion to be made by the government in order for the Court to be able to reduce a sentence for substantial assistance.  The government has not so moved in this case.  The Court is also not advised of any other applicable statute which authorizes the relief the defendant seeks.[3]  Therefore, § 3582(c)(1)(B) offers no basis for Rader's requested relief.

Section 3582(c)(2) is similarly unavailing because the United States Sentencing Commission has not lowered the applicable sentencing range for the crime to which Rader pled guilty.

For these reasons, the defendant's Motion was unauthorized and without a jurisdictional basis.  Early, 27 F.3d at 142; accord United States v. Bell, 257 Fed. Appx. 801, 2007 WL 4355185, at *1 (5th Cir. Dec. 11, 2007) (per curiam) (not selected for publication); Marion, 79 Fed. Appx. 46 (table), 2003 WL 22423180, at *1.  Accordingly,

**IT IS HEREBY ORDERED** that the defendant's Motion to Modify Sentence [**docket entry no. 28**] is **DENIED FOR WANT OF JURISDICTION**.

---

[3] Title 18 U.S.C. § 3742 does not apply to the matter sub judice because that statute only permits a sentence to be modified upon direct appeal of a sentence or conviction.  United States v. Early, 27 F.3d 140, 142 (5th Cir. 1994) (per curiam).  As previously mentioned, the defendant did not appeal the Court's sentence or Judgment.

5

**SO ORDERED**, this the 11th day of August 2008.

<u>s/ David Bramlette</u>

**UNITED STATES DISTRICT JUDGE**
