**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

PATRICK RADER                                                    PETITIONER

VERSUS                              CRIMINAL ACTION NO: 5:06-cr-38-DCB-LRA

UNITED STATES OF AMERICA                                         RESPONDENT

## OPINION AND ORDER

This cause comes before the Court on Patrick Rader's Motion For Order to Show Cause, or In the Alternative, Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2243 [docket entry no. 32, 33] and Motion to Compel [docket entry no. 34]. Having considered the Motions, memorandum in support and opposition thereof, applicable statutory and case law, and being otherwise fully advised as to the premises, the Court finds and orders as follows:

### I. BACKGROUND

On January 24, 2005, Patrick Rader ["petitioner" or "Rader"] was indicted for possession of a controlled substance in the Circuit Court of Warren County, Mississippi (case no. 050010CRP). On November 11, 2006, he was indicted for conspiracy to commit offenses against the United States in violation of 18 U.S.C. § 371 (Count 1 of the Indictment) and one count of receiving a firearm in contravention of 18 U.S.C. § 922(n) (Count 3 of the Indictment).

On November 28, 2006, Rader pled guilty to the state charge of possession of a controlled substance and was sentenced to an eight-year term of imprisonment by the Circuit Court of Warren County, Mississippi.

On February 6, 2007, he pled guilty to Count 3 of the Indictment.[1]  On June 4, 2007, the United States District Court for the Southern District of Mississippi sentenced Rader to a twenty-seven month term of imprisonment.  In its Judgment [docket entry no. 25] of June 14, 2007, the Court ordered that his twenty-seven month sentence "run consecutively to the state sentence [he] is currently serving in Warren County Circuit Court Cause No. 050010CRP."  The Court also ordered that Rader be returned to state custody for the completion of his eight-year state sentence. (Judg. 2.)

The petitioner did not appeal the Court's sentence or its Judgment.  Rather, on September 26, 2008, he filed the instant habeas petition seeking relief pursuant to 28 U.S.C. § 2243.  In his Motion to Vacate, Set Aside or Correct Sentence, Rader alleges one ground on which he is entitled to relief.  He argues that his guilty plea should be set aside because his Fourth Amendment right to be secure from an unreasonable search and seizure was violated. Specifically, Rader contends that law enforcement did not obtain a warrant or have probable cause to seize a firearm from his automobile at the time of his arrest.

On November 23, 2009, the petitioner filed a Motion to Compel requesting that the Court order the government to respond to his

---

[1] By its Order [docket entry no. 24] of June 12, 2007, the Court dismissed Count 1 of the Indictment with prejudice upon the motion of the United States.

habeas petition, or in the alternative, enter a final disposition in favor of Rader. The government filed a Response on December 29, 2009 [docket entry no. 40]. Therein, it posits two arguments. First, the government argues that Rader's habeas petition should be denied pursuant to Federal Rule of Criminal Procedure 11(e) because Rader pled guilty, he did not file a direct appeal, and "a post-sentencing motion to withdraw a guilty plea is unauthorized and without jurisdictional basis." United States v. Moore, 2007 WL 2021766 (S.D. Tex. 2007)(citation omitted). Second, the government argues that Rader knowingly and voluntarily entered into the plea agreement, and he understood the terms of the agreement and the waivers therein. The petitioner's motions are now before the Court.

### III. ANALYSIS

The petitioner filed his habeas petition pursuant to 28 U.S.C. 2243. Section 2243 provides that a federal district court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." In his motion, Rader argues that the firearm seized during his arrest was obtained in violation of the Fourth Amendment, and, therefore, he seeks to vacate his guilty plea. Rader neither requests an evidentiary hearing on his motion, nor

3

does he assert that he had ineffective assistance of counsel or that he involuntarily and/or unknowingly pled guilty. For these reasons, the Court construes the petitioners motion as a Motion to Withdraw a Plea of Guilty. After a thorough review, the Court finds that Rader is not entitled to relief.

Under Federal Rule of Criminal Procedure 11(e), "[a]fter a court imposes sentence, the defendant may not withdraw a plea of guilty . . . , and the plea may be set aside only on direct appeal or collateral attack."[2] This provision "addresses the finality of a guilty or nolo contendere plea after the court imposes a sentences [and] . . . makes clear that it is not possible for a defendant to withdraw a plea after sentence is imposed." FED. R. CIV. P. 11(e), 2002 Amendment Comments. Also, the term "collateral attack" in Rule 11(e) refers to other instances of collateral attack, including but not limited to 28 U.S.C. § 2255. Id.; see also McClure v. Ashcroft, 335 F.3d 404, 413 (5th Cir. 2003)(stating that Rule 11(e) "reinforces the finality of accepted guilty pleas and makes it clear that it is not possible for a defendant to withdraw a plea after sentence is imposed"). Furthermore, a post-sentencing motion to withdraw a guilty plea is "unauthorized and without jurisdictional basis." United States v. Vasquez, 121 Fed. Appx. 17, 2004 WL 2980066 (5th Cir. 2004)(citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)).

---

[2] Rader did not file a direct appeal.

Even if the Court construed the petitioner's motion as a 28 U.S.C. § 2255 or 2241 habeas corpus petition, he is not entitled to relief. In his plea agreement, Rader waived the right to collaterally attack his conviction and sentence. Rader's plea agreement contained several waivers, including:

> a. the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
>
> b. the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea Agreement ¶12(a-b).

"An informed and voluntary waiver of § 2255 relief in a plea agreement is effective to bar such relief." United States v. Heredia, 1995 WL 581683 (5th Cir. Sept. 1, 1995) (unpublished) (citing United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994)). A court employs a two-step test to determine whether a waiver provision bars the collateral attack: "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005); United States v. Carreon, 2009 WL 1043910 (S.D. Tex. April 17, 2009) (unpublished). Where the record of a Rule 11 proceeding clearly evidences (1) that a defendant has read and understood the

5

plea agreement and (2) that he raised no objections regarding the waiver of appeal provisions, "the defendant will be held to the bargain to which he agreed." United States v. Portillo, 18 F.3d 290, 293 (5th Cir. 1994); Carreon, 2009 WL 1043910 at *2. A defendant's "solemn declarations" made at his plea hearing regarding the voluntariness of his plea "carry a strong presumption of verity." Evans v. United States, 2009 WL 1324953 (N.D. Miss. May 12, 2009) (unpublished) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

As noted above, Rader's plea agreement contains express waivers of his right to appeal and his right to collaterally attack his conviction or sentence in *any* post-conviction proceeding. (emphasis added). This plea agreement not only describes the charge to which the petitioner agreed to plead guilty, but also expressly references the statutory term of imprisonment. The agreement also states that the Rader knows and understands all of the matters therein. The agreement was signed by both Rader and his counsel on February 6, 2007. The petitioner does not dispute these facts and there is no indication that his decision to accept this agreement was coerced or involuntary. Moreover, he does not assert that his counsel was ineffective for any reasons. See Heredia, 1995 WL 581683, at *2 (affirming denial of defendant's § 2255 petition because he waived right to appeal and collaterally attack and waiver was knowing and voluntary with no ineffective

6

assistance of counsel claim).  For the reasons stated herein, the Court finds that the petitioner is not entitled to relief.

## IV. CONCLUSION AND ORDER

Based upon the foregoing analysis, the Court finds the petitioner's motions to be without merit.  Accordingly,

**IT IS HEREBY ORDERED** that the petitioner's Motion For Order to Show Cause, or In the Alternative, Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2243 [**docket entry no. 32, 33**] are **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's Motion to Compel [**docket entry no. 34**] is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 30th day of June 2010.

                                 s/ David Bramlette

                               **UNITED STATES DISTRICT JUDGE**